FILED
IN CLERKS OFFICE

2019 JUN 28 AM 11: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DERRICK A. SPATORICO,

        Plaintiff,

vs.

EGAN FLANAGAN & COHEN, P.C.,
THOMAS E. DAY, Esq. and
STEPHEN E. SPELMAN, Esq.,

        Defendants.

Civil Action No.:

**COMPLAINT**

**Jury Trial Demanded**

## COMPLAINT

Derrick A. Spatorico ("plaintiff") for his complaint against Egan Flanagan & Cohen, P.C., Thomas E. Day, Esq. and Stephen E. Spelman, Esq. (collectively, "defendants") for injuries sustained as a consequence of defendants' legal malpractice in the handling of plaintiff's defense in a certain Massachusetts civil action [*sub nom* "Kilburn et al. v. Facterra, Inc. et al.", Civil Action No. 15 cv 0523, Hampden County Superior Court ("state court action")] alleges upon information and belief at all times relevant hereto that:

### PARTIES

1. Plaintiff was and still is a resident of the Town of Perinton, Monroe County, New York.

2. Defendant Egan Flanagan & Cohen, P.C. ("Egan Flanagan") was and and still is a Massachusetts professional corporation, engaged in the general practice of law in Massachusetts,

[1]

having its principal office situate at 67 Market Street, Springfield, Massachusetts 01103.

**3.** Defendant Thomas E. Day, Esq. ("Attorney Day") was and still is a member of Egan Flanagan; is an attorney duly licensed to practice his profession in the Commonwealth of Massachusetts; was one of the attorneys who represented plaintiff in the state court action between August 2015 and August 2016; and was acting as an agent of Egan Flanagan within the scope of such employment and agency.

**4**. Defendant Stephen E. Spelman ("Attorney Spelman") was a member of Egan Flanagan during the period August 2015 – August 2016; is an attorney duly licensed to practice his profession in the Commonwealth of Massachusetts; was representing plaintiff in the state court action, along with Attorney Day; and was acting as an agent of Egan Flanagan within the scope of such employment and agency.

**JURISDICTION and VENUE**

**5.** This Court has jurisdiction of the instant action pursuant to 28 USC §1332(a), as defendants Egan Flanagan, Attorney Day and Attorney Spelman are citizens of the Commonwealth of Massachusetts and plaintiff is a citizen of the State of New York. The amount in controversy in this action exceeds the sum of $75,000.00, exclusive of costs.

**6.** Pursuant to 28 USC §1391 venue properly lies in the United States District Court for the District of Massachusetts as all defendants are residents of the Commonwealth of Massachusetts, which is situate entirely within the territorial jurisdiction of United States District Court, District of Massachusetts.

## FACTUAL ALLEGATIONS

**7.** On or shortly after July 31, 2015 plaintiff was served with a summons and complaint in the state court action. Annexed and designated **Exhibit "A"** is a copy of this process. Plaintiffs in the state court action were represented by Bulkley Richardson and Gelinas LLP, 1500 Main Street, Suite 2700 Springfield, MA 01115.

**8.** Immediately after being served with process, plaintiff contacted Egan Flanagan with a view to retaining that firm to represent him in the state court action, in defense of the complaint. The terms of plaintiff's retention of Egan Flanagan are set forth in the Agreement of Retainer, dated August    , 2015, ("retainer agreement") which is annexed and designated **Exhibit "B"**.

**9.** Egan Flanagan accepted the retainer agreement (as is evidenced by a duly authorized signature endorsed on said agreement), undertook the legal employment and agreed to defend plaintiff in the state court action in a proper, skillful and diligent manner.

**10.** Prior to retaining Egan Flanagan plaintiff had detailed discussions with that law firm regarding the various transactions and material facts set out in the complaint. At that time plaintiff was assured that: Egan Flanagan was skilled and expert in this type of corporate litigation; responsive papers to the complaint and any motions would be timely prepared and interposed; and the complaint filed in the state court action was meritless and would be vigorously opposed.

**11.** Plaintiff possessed good and complete legal defenses to the complaint.

**12.** Contemporaneous with the filing of the summons and complaint with the Superior Court, the plaintiffs in the state court action (viz. Terry Kilburn and Paul Harrington "state court plaintiffs")

made *ex parte* applications to the Superior Court, for a Trustee Process Attachment and Temporary Restraining Order/Preliminary Injunction and related relief ("initial state court applications"). Annexed and collectively designated **Exhibit "C"** are copies of the initial state court applications.

**13.** The return date for the initial state court applications was originally scheduled for August 5, 2015 at 2:00 pm before Justice Bertha Josephson. This return date was adjourned by the Court until August 11, 2015 at 2:00 pm. Attorney Spelman was first assigned to undertake plaintiff's representation in the state court action. In their papers in support of the initial state court action, the state court plaintiffs made demonstrably false and/or deceptive assertions.

**14**. On or before August 11, 2015 no papers were submitted, on plaintiff's behalf, in opposition to the initial state court applications nor was any adjournment requested by Attorney Spelman or Egan Flanagan to the Court which was conducting the hearing on August 11, 2015. Rather, the only paper submitted to the Court by Egan Flanagan and Attorney Spelman was a notice of appearance, purportedly dated June 30, 2015, which was sent to the Hampden County Superior Court under cover of August 12, 2015. Annexed and designated **Exhibit "D"** is a copy of the cover letter and notice of appearance.

**15.** As a direct consequence of the failure of Attorney Spelman and Egan Flanagan to appear and/or submit written opposition to the initial state court applications, Justice Josephson issued an order, dated August 11, 2015 ("August 2015 order") in which she granted the relief requested in the initial state court applications and, additionally, imposed certain other

restrictions on plaintiff, which severely impaired his ability to effectively defend against the claims alleged in the state court action. Annexed and designated **Exhibit "E"** is a copy of the August 2015 order.

**16.** The August 2015 order was duly served upon Egan Flanagan and Attorney Spelman on or about August 14, 2015. Annexed and designated **Exhibit "F"** is a copy of the Hampden County Superior Court transmittal cover sheet evidencing due service of the August 2015 order.

**17.** Despite the timely and proper service of the August 2015 order upon Egan Flanagan and Attorney Spelman, no appeal was taken at any time by them from it, nor was any application made for a stay of its enforcement. Further, as no application was made to Justice Josephson by Egan Flanagan or Attorney Spelman for reconsideration or renewal of any opposition to the state court plaintiffs' initial state court applications, plaintiff was *de facto* in contempt of court by his failure to satisfy certain decretal provisions of the August 2015 order over which he had no control and/or ability to comply with.

**18.** Because of the above-recited failures of Egan Flanagan and Attorneys Spelman and Day to act in relation to the August 2015 order, the state court plaintiffs filed a verified complaint for contempt against plaintiff on August 27, 2015. Annexed and designated **Exhibit "G"** is a copy of this pleading.

**19.** On or about September 4, 2015 Egan Flanagan and Attorney Day made application to the Hampden Superior Court to dismiss the state court action on two grounds, viz. lack of *in personam* jurisdiction over plaintiff and *forum non conveniens*.

**20.** On or about November 3, 2015 Egan Flanagan and Attorney Day filed supporting papers both in support of their original application for dismissal of the underlying complaint in the state court action and in answer to the complaint for civil contempt of court filed by the state court plaintiffs, on grounds of lack of *in personam* jurisdiction and *forum non conveniens*.

**21.** In its Memorandum of Decision and Order on Motions to Dismiss, dated January 21, 2016 ("January 2016 order"), the Hampden County Superior Court, per Hon. Constance M. Sweeney, Justice denied plaintiff's application. Annexed and designated **Exhibit "H"** is a copy of the January 2016 order, which was duly served upon defendants, as plaintiff's counsel.

**22.** As material and relevant to a consideration of plaintiff's motion to dismiss Justice Sweeney ruled:

> "[E]qually unavailing is the Facterra defendants' motion to dismiss the civil contempt complaint for lack of personal jurisdiction. The Facterra defendants cannot defy a court order, such as Judge Josephson's injunction, and subsequently challenge it on the grounds of personal jurisdiction. *Injunctive orders must be obeyed unless and until they are reversed on review*. It does not matter that jurisdiction may not have been established with respect to the Facterra defendants as injunctions bind not only the parties to a suit, but those persons in active concert or participation with them who receive actual notice of the order. ..."
> [Memorandum of Decision and Order on Motions to Dismiss, pg. 4; internal quotations and citations omitted; italics supplied]

**23.** No appeal was taken by Egan Flanagan or Attorney Day from the January 2016 order.

**24.** On or about February 5, 2016 the state court plaintiffs made application to the Hampden County Superior Court for issuance of a summons for a hearing on their prior complaint of August 24, 2015 (in which they had requested that plaintiff be held in contempt of court for failing to comply with the terms of the August 2015 order).

**25.** On or about February 8, 2016 the Hon. Mark D. Mason, Justice signed a Summons on Contempt ("summons"), which was duly served upon defendants in the state court action on or about February 12, 2016. This summons directed plaintiff to appear before the Court on February 23, 2016. Annexed and designated **Exhibit "I"** is a copy of the Summons on Contempt.

**26.** On or about February February 16, 2016 defendants in the state court action interposed an answer to the complaint by serving copies of the same upon opposing counsel.

**27.** As a consequence of the unfavorable decisions rendered against him, plaintiff instructed defendants to explore settlement of the underlying state court action to limit any further loss and liability to the state court plaintiffs.

**28.** On or about June 2016, in furtherance of settlement negotiations between the parties in the state court action, a Mutual Release and Settlement Agreement ("settlement agreement") was executed by plaintiff and other state court parties. Annexed and designated **Exhibit "J"** is a copy of the settlement agreement and related documentation.

**29.** In furtherance of the settlement agreement a stipulation of dismissal with prejudice was executed by counsel for the state court plaintiffs and by Egan Flanagan and Attorney Day, which was filed with the Hampden County Superior Court on June 17, 2016.

**30.** On or about August 1, 2016 defendants' continuous representation of plaintiff in the state court action was concluded.

### AS AND FOR THE SOLE COUNT OF THE COMPLAINT

**31.** Plaintiff repeats, as material and relevant, each of those allegations contained in ¶¶ "1" through "30", hereinabove.

[7]

**32.** Egan Flanagan, Attorney Spelman and Attorney Day owed plaintiff a duty to exercise reasonable care and skill in handling the defense of the state court action, for which these defendants were retained.

**33.** Egan Flanagan, Attorney Spelman and Attorney Day materially breached their duties to plaintiff in the following respects, which are exemplary and not exhaustive:

**a)** by failing to request an adjournment of the return date on the initial state court applications from state court plaintiffs' counsel, Bulkley Richardson and/or the assigned Justice of the Hampden County Superior Court, Justice Bertha Josephson, on or before the August 11, 2015 return date for said motions;

**b)** by failing to prepare and submit to counsel for the state court plaintiffs and Justice Josephson any responsive papers in opposition to the initial state court applications, either before or after the return date for said motions;

**c)** after receipt of August 2015 order granting the state court plaintiffs' initial state court applications, by failing to move for reconsideration and permission to submit written opposition and/or by failing to take an immediate appeal therefrom and contemporaneously moving for a stay of enforcement of the August 2015 order pending appeal;

**d)** by failing to effectively and timely oppose the state courts plaintiffs' application to hold plaintiff in contempt of court by reason of his technical violation of the terms of the August 2015 order; and

**e)** by failing to take an immediate appeal from the January 2016 order of Justice Sweeney.

34. As a consequence of the breach of duty by Egan Flanagan, Attorney Spelman and Attorney Day, plaintiff suffered monetary damages proximately caused by these defendants' actions and omissions in their defense of the state court action on plaintiff's behalf.

WHEREFORE, plaintiff respectfully requests an award of money damages in such sum, to be determined by the trier of fact, as will adequately and fully compensate him for the malpractice committed by Egan Flanagan, Attorney Spelman and Attorney Day, together with such other and further relief as to this Court may seem just and proper.

## CERTIFICATION

Pursuant to FRCP Rule 11, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of this rule.

**Dated:** Rochester, New York
this 17th day of June, 2019.

*[signature]*

Derrick A. Spatorico, Esq., *pro se*
45 Exchange Boulevard, Third Floor
Rochester, New York 14614
(585) 546-5600/(585) 730-8342 [facsimile]
derrick@psnlawgroup.com



# Pheterson Spatorico LLP
### Evolved Advice & Advocacy
Attorneys at Law

FILED
IN CLERKS OFFICE

2019 JUN 28  AM 11: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

June 27, 2019

Hon. Robert M. Farrell, Clerk
The United States District Court,
   District of Massachusetts
The United States Courthouse
300 State Street
Suite 120
Springfield, MA 01105

Re: Spatorico v. Egan Flanagan & Cohen et al.
    Filing of Complaint by Plaintiff *pro se*

Dear Clerk Farrell:

In conjunction with the commencement of this action, I enclose herewith the following:

**a)** original signed complaint;
**b)** three (3) summons;
**c)** my check in the sum of $400.00, for required filing fee; and
**d)** civil cover sheet.

Initially, I am proceeding *pro se* in this action. Should I need to submit an application, as per Local Rule 83.5.3 (j), I will certainly do so within the period seven (7) days of the complaint's filing with your office, upon your advice.

Thanking you for your anticipated prompt attention and courtesy, I remain,

Respectfully yours,

Derrick A. Spatorico,
Plaintiff *pro se*

DAS:p
Enclosures
via FedEx Overnight