UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DERRICK A. SPATORICO,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Civil No. 3:19-CV-30090-KAR |
| | )<br>) | |
| EGAN FLANAGAN & COHEN,<br>THOMAS E. DAY, ESQ., and<br>STEPHEN SPELMAN, ESQ.,<br>    Defendants. | )<br>)<br>)<br>)<br>) | |

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(Dkt No. 6)

ROBERTSON, U.S.M.J.

In this diversity suit, Plaintiff Derrick A. Spatorico ("Spatorico") alleges that his former lawyers, Thomas E. Day and Stephen Spelman, and their firm, Egan Flanagan & Cohen, (collectively, "Defendants") committed legal malpractice in connection with their representation of him in a state court proceeding. Presently before the court is Defendants' motion to dismiss Spatorico's complaint on statute of limitations grounds (Dkt. No. 6). The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the motion is DENIED.

I.     BACKGROUND

    A. <u>Scope of the Record</u>

Because Spatorico submitted an affidavit with a number of exhibits in opposition to Defendants' motion to dismiss, it is necessary to clarify the scope of the record before proceeding to the substance of the motion. Defendants contend that Spatorico's affidavit and

exhibits should be excluded from the record.  However, Defendants argue that, should the court consider Spatorico's affidavit and exhibits, it should also consider two affidavits that they have submitted in reply.

"Under Rule 12(b)(6), [a] district court may properly consider only facts and documents that are part of or incorporated into the complaint …." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008).  It is within a court's discretion to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment pursuant to Rule 56 and consider materials outside the pleadings.  *Id.*  Alternatively, a court can "ignore supplementary materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard."  *Id.*

Here, the court exercises its discretion to decline to convert the motion to dismiss into a motion for summary judgment at this early stage of the litigation before any discovery has taken place.  As such, the court considers only those materials properly before it on a motion to dismiss.  *See, e.g., Crosby Legacy Co., LLC v. TechnipFMC PLC*, No. CV 18-10814-MLW, 2019 WL 5588993, at *6 (D. Mass. Sept. 13, 2019) ("The wiser course is to allow the parties to engage in discovery, to see if the parties are able to narrow the factual disputes." (quoting *Levecque v. Argo Mktg. Grp., Inc.*, No. 2:14-cv-00218-JAW, 2015 WL 10044258, at *7 (D. Me. Feb. 25, 2015)).

B. <u>Facts</u>

On July 31, 2015, Spatorico was served with a summons and complaint in the underlying state court proceeding.  The state court plaintiffs, contemporaneous with the filing of their complaint, sought a Trustee Process Attachment and Temporary Restraining Order/Preliminary

Injunction. Spatorico immediately retained Defendants to represent him in connection with the litigation.

The state court assigned a return date of August 11, 2015 for the state court plaintiffs' applications for preliminary relief. Defendants, however, failed to submit any papers on Spatorico's behalf or to request a continuance. As a result, the state court issued an order that same day granting the preliminary relief sought by the state court plaintiffs. Thereafter, on August 27, 2015, the state court plaintiffs filed a verified complaint for contempt against Spatorico because of his failure to comply with certain provisions of the August 11, 2015 order, with which Spatorico was incapable of complying.

Defendants attempted to dismiss the underlying state court action and civil contempt complaint on grounds of lack of *in personam* jurisdiction and *forum nonconveniens*. The state court denied those efforts by order dated January 21, 2016. By February 12, 2016, Spatorico was served with an executed Summons on Contempt directing him to appear before the state court on February 23, 2016.

Because of the unfavorable decisions rendered against him, Spatorico instructed Defendants to explore settlement to limit further loss and liability to the state court plaintiffs. By June 2016, the state court parties had executed settlement agreements, and, on June 17, 2016, a stipulation of dismissal with prejudice was filed in the state court. On August 1, 2016, Defendants' continued representation of Spatorico drew to a close.

Spatorico commenced the instant action on June 28, 2019 (Dkt. No. 1). He raises a single claim of legal malpractice against all three Defendants.

## II. LEGAL STANDARD

"A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim." *Ngomba v. Olee*, CIVIL ACTION NO. 18-11352-MPK, 2020 WL 107969, at *2 (D. Mass. Jan. 9, 2020). In ruling on the motion, a court must "treat all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). "In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Ngomba,* 2020 WL 107969, at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[L]abels and [legal] conclusions, and a formulaic recitation of the elements of a cause of action ...." are insufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief." *Ngomba,* 2020 WL 107969, at *2 (citing *Iqbal,*556 U.S. at 679).

## III. DISCUSSION

State law controls the statute of limitations periods for state law causes of action. *Heinrich ex rel. Heinrich v. Sweet*, 49 F. Supp. 2d 27, 33 (D. Mass. 1999) (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945)). Defendants contend that Spatorico's legal malpractice claim is barred by the applicable three-year statute of limitations. *See* M.G.L. c. 260 § 4. "To assert a statute of limitations defense successfully in a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6), 'the facts establishing that defense must: 1) be definitively ascertainable from the complaint and other allowable sources of information, and 2) suffice to establish the affirmative defense with certitude.'" *Doe v. Bos. Pub. Sch.*, 80 F. Supp. 3d 332, 335 (D. Mass. 2015) (quoting *Gray v. Evercore Restructuring, LLC*, 544 F.3d 320, 324 (1st Cir. 2008)).

Under Massachusetts law, a malpractice action accrues and "the limitations period begins to run '[o]nce [a] client or former client knows or reasonably should know that he or she has sustained appreciable harm as a result of the lawyer's conduct ….'" *Rosen Constr. Ventures, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.*, 364 F.3d 399, 405 (1st Cir. 2004) (quoting *Williams v. Ely*, 668 N.E.2d 799, 804 (Mass. 1996)). In other words, Massachusetts requires that "a plaintiff have (1) knowledge or sufficient notice that she was harmed and (2) knowledge or sufficient notice of what the cause of harm was." *Bowen v. Eli Lilly & Co., Inc.*, 557 N.E.2d 739, 742 (Mass. 1990). "This is the so-called discovery rule." *Lyons v. Nutt*, 763 N.E.2d 1065, 1069 (Mass. 2002).

An exception to the discovery rule is carved out by the doctrine of "continuing representation," which "'tolls the statute of limitations in legal malpractice actions where the attorney in question continues to represent the plaintiff's interests in the matter in question.'" *Vinci v. Byers*, 837 N.E.2d 1140, 1145 (Mass. App. Ct. 2005) (quoting *Murphy v. Smith*, 579 N.E.2d 165, 167 (Mass. 1991)). The doctrine recognizes that a person who has sought legal assistance cannot realistically be expected to second-guess the attorney's performance so long as the attorney-client relationship continues. *Murphy*, 579 N.E.2d at 168. Thus, in contrast to the discovery rule, "[i]f a client reasonably should know that the attorney has caused the client appreciable harm, but does not actually know it, the continuing representation rule continues to

apply." *Parr v. Rosenthal*, 57 N.E.3d 947, 961 (Mass. 2016). "The doctrine has no application, however, where the client actually knows that he suffered appreciable harm as a result of his attorney's conduct. If the client has such knowledge, then there is no 'innocent reliance which the continued representation doctrine seeks to protect.'" *Lyons*, 763 N.E.2d at 1070 (quoting *Cantu v. St. Paul Cos.*, 514 N.E.2d 666, 669 (Mass. 1987)).

      Defendants argue that Spatorico's complaint reveals that the "necessary coalescence of discovery and appreciable harm" took place more than three years before Spatorico filed his June 28, 2019 complaint. *In re Tomaiolo*, 205 B.R. 10, 13 (Bkrtcy. D. Mass. 1997) (quoting *Murphy v. Smith*, 579 N.E.2d 165, 167 (Mass. 1991)). Specifically, Defendants argue that Spatorico knew that he had been harmed by their conduct as early as August 11, 2015, when the state court granted the preliminary relief sought by the state court plaintiffs, and at the latest by June 17, 2016, when the stipulation of dismissal with prejudice was filed in the state court. In advancing their position, Defendants highlight Spatorico's allegation that sometime before the June 17, 2016 stipulation of dismissal, he instructed Defendants to explore settlement options to limit further loss and liability to the state court plaintiffs. Defendants argue that this allegation makes clear that Spatorico held the actual belief that he had been harmed by Defendants' conduct. Under Defendants' theory, it was Spatorico's knowledge that Defendants had committed malpractice that was the impetus for him to investigate settlement.

      Defendants further argue that Spatorico's attempt to rely on the continuing representation doctrine is unavailing. First, Defendants maintain that Spatorico's allegation that Defendants continued to represent him until August 1, 2016 is conclusory and should be disregarded. Second, Defendants argue that the continuous representation doctrine is inapplicable because Spatorico, himself an attorney, had actual knowledge that he had suffered appreciable harm as a

result of Defendants' conduct, and, therefore, there was no innocent reliance that the continuing representation doctrine is intended to protect. Finally, according to Defendants, their representation of Spatorico in the underlying state litigation concluded on June 17, 2016, when the stipulation of dismissal with prejudice was filed, thus giving Spatorico only until June 17, 2019 at the latest to file.

Spatorico's position is that the continuing representation doctrine is applicable and that it tolled the statute of limitations until August 1, 2016, when the Defendants' continuous representation of him drew to a close, rendering his June 28, 2019 complaint timely. Spatorico takes issue with Defendants' argument that the complaint demonstrates a lack of innocent reliance because Spatorico had actual knowledge that he had been harmed by Defendants' conduct when he instructed Defendants to explore a negotiated settlement. Instead, Spatorico maintains that he had become concerned with the mounting legal fees in the underlying case and that, combined with the uncertain prospects of the litigation, is what led him to direct Defendants to look into the possibility of settlement. Thus, the allegation does not negate innocent reliance and the continuing representation doctrine applies.

On this record, Defendants have not shown that the allegations in the complaint definitively establish their entitlement to a statute of limitations defense. The allegation that Spatorico instructed Defendants to explore a negotiated settlement does not, as Defendants would have it, lead inexorably to the conclusion that Spatorico had actual knowledge that he had suffered appreciable harm as a result of their conduct at that time. That is one inference that can be drawn, but, on a motion to dismiss, all inferences must be drawn in the plaintiff's favor. Because litigants explore settlement for a litany of reasons other than malpractice by their attorneys in the conduct of the litigation, including reasons such as those Spatorico identifies, the

court cannot draw the inference that Defendants advance.

Moreover, the complaint does allege that Defendants continued to represent Spatorico on the matter in question through August 1, 2016.  While the allegation is thin, the court cannot say on the face of the complaint that the continuing representation doctrine does not apply.  *See, e.g., Hodas v. Sherburne, Powers & Needham, P.C.*, 938 F. Supp. 58, 60 (D. Mass. 1996) (denying a motion to dismiss where the complaint alleged that the defendants continued to represent the plaintiff on matters that formed the basis of the allegations through a date that would satisfy the statute of limitations).  The issue may, of course, be revisited at the summary judgment stage based on a more fully developed record.

## IV.  CONCLUSION

For the above-stated reasons, Defendant's motion to dismiss (Dkt. No. 6) is DENIED.  It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: May 13, 2020