UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DERRICK A. SPATORICO,<br>      Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Civil No. 3:19-cv-30090-KAR |
| | )<br>) | |
| EGAN, FLANAGAN & COHEN, P.C.,<br>THOMAS E. DAY, ESQ., and<br>STEPHEN E. SPELMAN, ESQ.,<br>      Defendants. | )<br>)<br>)<br>) | |

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO
STRIKE EXPERT TESTIMONY OF ROBERT A. STOLZBERG, ESQ.
(Dkt No. 56)

ROBERTSON, U.S.M.J.

## I.    INTRODUCTION

This matter is before the court on a motion by the defendants Egan, Flanagan, & Cohen, Thomas E. Day, and Stephen Spelman ("Defendants") to strike the expert testimony of Robert A. Stolzberg, Esq., on behalf of Plaintiff Derrick A. Spatorico ("Plaintiff") based on Plaintiff's untimely disclosure of information required by Fed. R. Civ. P. 26(a)(2) (Dkt. No. 56). For the reasons set forth below, Defendants' motion is DENIED.

## II.    DISCUSSION

Defendants argue that Plaintiff's expert report should be excluded pursuant to Fed. R. Civ. P. 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). There is no question that

Plaintiff's expert disclosure was late. The operative deadline for Plaintiff to make his expert disclosures was June 29, 2021 (Dkt. 50). Plaintiff did not make any disclosure until one day later, on June 30, 2021, at which time he made only a partial disclosure of the name of the expert (who he had not formally retained, but rather had entered into an oral agreement with ten days earlier) and the expert's curriculum vitae, and he identified several broad categories about which the expert would testify. Plaintiff further indicated that he would provide a written report within the next 30 to 45 days. In fact, Plaintiff did not disclose the expert report until September 10, 2021 (Dkt. No. 63).

      Defendants argue that Plaintiff's failure is not substantially justified because the need for expert testimony in this legal malpractice action could reasonably have been anticipated from the time of filing and yet Plaintiff, an experienced litigator, waited until 9 days before the deadline to speak to an expert and orally retain him. Defendants also argue that the late disclosure it not harmless because it cuts deeply into the time for them to complete their rebuttal report and all expert discovery.

      Plaintiff admits that he should have sought an extension for expert discovery but argues that he did not because he had earlier assented to several extensions to the discovery deadlines by Defendants and thought that this courtesy and cooperation would be afforded to him in return. He argues that his delayed disclosure is justified because he did not have a number of deposition transcripts until mid-June and could not have provided them to his expert for review and analysis in time to meet the June 29 deadline for the written report. He also argues that there is a lack of harm because the deadlines for expert disclosure can be extended, and he sets out a proposed schedule.

Under Rule 37, "[t]he baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion'" of the late-disclosed information. *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006) (quoting *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001)).  In determining whether the court should impose that sanction, however, the First Circuit has identified several factors for consideration, including "the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects (*i.e.* harmlessness); the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence." *Harriman v. Hancock Cty.*, 627 F.3d 22, 30 (1st Cir. 2010) (citing *Esposito v. Home Depot U.S.A., Inc.*, 590 F3d 72, 76 (1st Cir. 2009)).

The key factor here is the plaintiff's need for the expert evidence. While a decision to preclude the plaintiff's expert technically would not be a dismissal of the plaintiff's case, effectively it almost certainly would result in dismissal. *Sierra Fria Corp. v. Donald J. Evans, P.C.*, 127 F.3d 175, 182 (1st Cir. 1997) ("[E]xpert testimony almost always is required to establish the standard of care in a legal malpractice action."). Under such circumstances, the justification for the sanction "must be comparatively more robust." *Esposito*, 590 F.3d at 79 (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) ("To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme."); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) (recognizing that dismissal should not be granted "casually")).

Plaintiff has not offered a substantial justification for the late disclosure.  Unquestionably, he should have conferred with opposing counsel and moved for an extension of the deadline set by the court. Plaintiff is warned that the court is unlikely to countenance any future cavalier

3

failure to comply with its scheduling orders. Nonetheless, under the controlling case law, dismissal would be an extreme sanction. With some revisions to the current schedule, Defendants can overcome the effects of Plaintiff's delay. Moreover, while the discovery deadlines have been extended twice, there have been no other instances of Plaintiff missing a discovery deadline. Nor will there be a significant impact on the court's docket. As it stands, there is no trial date set. A motion hearing has been set on dispositive motions for March 1, 2022. That hearing can and will remain as scheduled with the other existing deadlines being amended.

### III.   CONCLUSION

Thus, for the above-stated reasons, Defendants' motion to strike is (Dkt. No. 56) is DENIED, and the existing schedule is revised as follows:

- September 15, 2021:   Deadline for Plaintiff's expert disclosures
- November 10, 2021:   Deadline for Defendants' expert disclosures
- December 10, 2021:   Expert depositions to be completed
- January 14, 2022:   Dispositive motions filed
- February 4, 2022:   Oppositions filed
- February 18, 2022:   Replies, if any, filed
- March 1, 2022:   Hearing on dispositive motion(s) at 11:00 a.m.

It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: October 19, 2021